■ WILLARD MOORE, Respondent, v EDWARD MOORE, Appellant, et al., Defendant.—Judgment, Supreme Court, New York County (S. Barrett Hickman, J.), entered June 21, 1989, which awarded plaintiff $232,193 plus interest and costs, after a jury trial, as reduced by the trial court, unanimously affirmed, with costs.

Plaintiff and an independent witness testified that on August 29, 1985, the defendant, plaintiff's brother, punched the plaintiff to the ground, and then stomped or jumped on his leg, breaking his ankle. Jorge Pena, the nonparty witness, was asked on cross-examination whether he had spoken to anyone other than plaintiff or his lawyer about the incident, and Pena said he did not. Defendant then offered the testimony of Miguel Vigo, a private investigator retained by the defendant, to the effect that he had spoken to Pena approximately two years after the incident, and that Pena had said that he did not want to get involved with the lawsuit "unless there was some money for him."

The trial court's refusal to allow the testimony was a proper exercise of discretion. Generally, "a cross-examiner cannot *contradict* a witness' answers concerning collateral matters by producing extrinsic evidence for the *sole purpose* of impeaching credibility" *(People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846 [emphasis in original]). Moreover, Mr. Pena's testimony about not having spoken to anyone about the case, clearly collateral since relevant only to credibility, was brought out first on cross-examination; thus plaintiff did not " 'open the door' " to impeachment by bringing that matter out on Pena's direct examination *(People v Wise,* 46 NY2d 321, 327).

The finding of liability was not against the weight of the evidence, and the award to plaintiff, as reduced by the trial court, was not excessive in view of the seriousness of the plaintiff's injury. Concur—Murphy, P. J., Kupferman, Sullivan, Wallach and Rubin, JJ.